# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

SANDRA S. ROBINSON,

     Plaintiff,

vs.

**GATEWAY TECHNICAL COLLEGE,**

and                 Case No.

**RAYMOND KOUKARI, JR.,** individually
and in his official capacity as Dean of Information
Technology of Gateway Technical College,

     Defendants.

## COMPLAINT

   Plaintiff, **SANDRA S. ROBINSON** ("Plaintiff"), brings this action for damages and other legal and equitable relief from Defendants, **GATEWAY TECHNICAL COLLEGE** ("Gateway") and **RAYMOND KOUKARI, JR.,** individually and in his official capacity as Dean of Information Technology of Gateway Technical College ("Koukari") (collectively referred to as "Defendants"), for violation of laws and for such other causes of action against the named Defendants as hereafter stated, alleging the following as her claims against the Defendants.

## JURISDICTION

  1. Plaintiff, a former employee of Gateway, brings this action under 42 U.S.C. § 12117 ("Americans with Disabilities Act" or "ADA"), 28 U.S.C. §§ 1331, 1337, 1343 and 1367, and other common law causes of action to redress the wrongs done to her by Defendants.

1

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction for the State claims asserted herein.

3. On January 9, 2015, Plaintiff timely filed a Charge of Discrimination with the Milwaukee Area Office Division of the U.S. Equal Employment Opportunity Commission ("EEOC").

4. On or about July 30, 2015, Plaintiff received a "Right to Sue" letter from the EEOC. A true and correct copy of this notice is attached to this Complaint as Exhibit "A".

5. Venue for all causes of action stated herein lies in the Milwaukee Division of the Eastern District of Wisconsin as the acts alleged as a basis for federal claims took place within the boundaries of that District.

## PARTIES

6. Plaintiff was an "employee" of Gateway in its Information Technology Department at all times material hereto.

7. Plaintiff currently resides at 448 E. Ontario St., Unit 301, Chicago, IL 60611.

8. Gateway was at all times material hereto an "employer" within the State of Wisconsin and within the jurisdictional coverage of the Americans with Disabilities Act, with its administrative offices for the Racine Campus located at 3520 30th Ave., Kenosha, WI 53144.

9. Koukari was at all times material hereto as Dean of Information Technology of Gateway and had the power to perform the following duties including, but not limited to: enforcing all policies of Gateway, supervising and reviewing employees within his Department, and hiring and discharging instructors within his Department.

10. Koukari, upon information and belief, resides in Mount Pleasant, Racine County, WI.

2

## FACTS PERTINENT TO ALL COUNTS

11. In September of 2012, Plaintiff began working as a Networking Instructor at Gateway's Racine, Wisconsin campus.

12. From September of 2012 until July 2014, Plaintiff's employment with Gateway was supervised and reviewed by Koukari.

13. From the start of her tenure at Gateway, Plaintiff complained about the lack of coursework rigor in the Information Technology Department. Specifically, that all testing was done as open book.

14. In the Fall of 2013, Koukari issued a closed book initiative.

15. Shortly after the closed book initiative, another Gateway instructor notified Plaintiff that she had found a way around the closed book initiative. Further, Plaintiff reported the aforementioned to Koukari.

16. On or about November 1, 2013, Koukari tasked Plaintiff with additional duties including, but not limited to: course development and accreditation, laying-out and designing a room for approximately $385,000 worth of new equipment, and to document activity and "hold them (other employees) accountable."

17. Koukari was aware that Plaintiff was not qualified to seek accreditation according to Gateway's handbook.

18. Due to the additional stress and anxiety from the additional tasks, Plaintiff encountered physical manifestations including, but not limited to gaining weight and becoming diabetic. Further, Plaintiff could not perform major life activities due to her disability causing deprivation of sleep and panic attacks.

3

19. Beginning in February of 2014, Plaintiff was treated with psychological therapy and counseling sessions for Plaintiff's stress and anxiety caused by her employment.

20. In February of 2014, Koukari and Gateway were notified of Plaintiff's disability.

21. On or about May 21, 2014, Plaintiff requested Family Medical Leave at her physician's recommendation as a reasonable accommodation under the ADA for Plaintiff to continue to perform the essential functions of her job as a Networking Instructor.

22. Gateway failed to respond in good faith to Plaintiff's reasonable accommodation request under the ADA.

23. On July 25, 2014, Gateway terminated Plaintiff's employment to avoid dealing with Plaintiff's reasonable accommodation request under the ADA.

## COUNT I

### VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO REASONABLY ACCOMMODATE (DEFENDANT GATEWAY)

24. Plaintiff incorporated all paragraphs of this Complaint as fully set forth under this count.

25. Plaintiff is a "qualified person with a disability" within the meaning of the ADA, 42 U.S.C. § 1211(8), as she is an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of her Networking Instructor position with Gateway.

26. Plaintiff's stress and anxiety substantially limits her ability to work and think, which are major life activities.

27. Defendants failed to engage in the interactive process with Plaintiff to determine what accommodations could be made to allow Plaintiff to perform the essential functions of her job.

4

28. Defendants' actions toward Plaintiff on the basis of her disability constitutes a discriminatory act prohibited by the ADA, 42 U.S.C. § 12112(a).

29. Defendants' discriminatory conduct resulted in the termination of Plaintiff's employment with Gateway in violation of federal law.

30. Defendant's discriminatory actions toward Plaintiff based on her disability have caused Plaintiff to suffer damages, including past and future wages, re-location costs, medical expenses, employment benefits, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (DEFENDANT KOUKARI, INDIVIDUALLY)

31. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this Count.

32. Koukari's actions towards Plaintiff amounted to extreme and outrageous conduct.

33. Koukari knew that Plaintiff was suffering from stress and anxiety with associated panic episodes.

34. Koukari recklessly caused Plaintiff severe emotional distress.

35. Koukari's conduct was the cause-in-fact of Plaintiff's distress.

36. Plaintiff suffered an extreme disabling emotional response including, but not limited to stress and anxiety to Korkari's conduct.

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

37. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count.

5

38. Koukari negligently failed to realize that his conduct towards Plaintiff created an unreasonable risk of causing Plaintiff emotional distress.

39. Koukari's negligent conduct was the proximate cause of Plaintiff's emotional distress.

40. Plaintiff suffered physical manifestations of the stress and anxiety caused by Koukari including, but not limited to extreme weight gain and diabetes.

41. Koukari was the agent of Gateway and was acting within the scope of his authority when he committed the tort of negligent infliction of emotional distress.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury of the issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For Plaintiff's past pecuniary losses, including loss of wages and benefits in an amount to be determined at trial;

2. For front pay in an amount to be determined at trial;

3. For Plaintiff's compensatory damages for mental anguish and suffering as well as loss of enjoyment of life in an amount to be determined at trial;

4. For punitive damages in an amount to be determined at trial;

5. For attorney's fees, costs, and disbursements incurred herein; and

6. For such other relief as the court deems just and equitable under the circumstances.

## PUNITIVE DAMAGES DEMAND

Koukari is hereby put on notice that Plaintiff is requesting punitive damages.

Dated this _____ day of October, 2015.

HOTVEDT & TERRY, LLC
Attorneys for the Plaintiff,
SANDRA S. ROBINSON

**DRAFTED BY:**

HOTVEDT & TERRY,LLC

Todd A. Terry, Attorney at Law
SBN: 1047175
4015 80th Street, Unit H
Kenosha, WI 53142
Telephone: (262) 842-2338
Facsimile: (262) 584-9949

By: _____
      Todd A. Terry, Attorney at Law
      State Bar Number: 1047175

7